# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LONG,<br><br>    Plaintiff,<br><br>  v.<br><br>CRABTREE,<br><br>    Defendant. | Case No. 1:23-cv-01073-GSA (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S LEAVE TO PROCEED *IN FORMA PAUPERIS* BE REVOKED<br><br>(ECF No. 4.)<br><br>**DEADLINE TO FILE OBJECTIONS:**<br>**<u>AUGUST 25, 2023</u>** |

  Plaintiff Kevin Long ("Plaintiff") is a county jail inmate proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 19, 2023, together with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On July 21, 2023, the Court issued an order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 4.) The Court now recommends that Plaintiff's leave to proceed *in forma pauperis* be revoked and Plaintiff be required to pay the $402.00 filing fee in full to proceed with this action.

  Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's Complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). In the Complaint, Plaintiff attempts to raise claims against Sergeant Crabtree, Operations Sergeant at the Stanislaus County Public Safety Center where Plaintiff is incarcerated, for failure to assist Plaintiff with Plaintiff's campaign to run for President of the United States.

"Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

The allegations in the Complaint appear to raise only frivolous allegations. At no point does Plaintiff allege that he is at risk of suffering any physical injury.

Accordingly, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the Complaint was filed. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $402.00 filing fee if he wishes to litigate this action.

---

[1]  The Court takes judicial notice of the following United States District Court cases: (1) Long v. USA, Case No. 1:13-cv-01368-SAB (E.D. Cal.) (dismissed on Sept. 11, 2013 as frivolous); (2) Long v. USA, Case No. 1:13-cv-01228-JLT (E.D. Cal.) (dismissed on Jan. 16, 2014 as frivolous); (3) Long v. Stanislaus Cty. Super. Ct., Case No. 1:13-cv-01370-SAB (E.D. Cal.) (dismissed on May 1, 2014 for failure to state a claim); (4) Long v. USA California, Case No. 1:13-cv-01256-GSA (E.D. Cal.) (dismissed on June 23, 2014 for failure to state a claim).

[2]  The Court expresses no opinion on the merits of Plaintiff's claims.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's leave to proceed *in forma pauperis*, (ECF No. 4), be REVOKED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $402.00 filing fee in full to proceed with this action.

\* \* \*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **On or before August 25, 2023**, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 9, 2023**                                     /s/ Gary S. Austin
                                                                            UNITED STATES MAGISTRATE JUDGE